IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID VINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv267 |
| WARDEN BARTLETT, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff David Vinson, an inmate at the Federal Bureau of Prisons, proceeding *pro se*, brought the above-styled lawsuit.  On November 26, 2024, the court dismissed the above-styled action for failing to state a claim upon which relief may be granted.

Pending before the court is plaintiff's Motion to Reopen [Dkt. 22].  This memorandum opinion and order considers such motion.

ANALYSIS

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.**  The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A)  after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B)  after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial*.**  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.**  A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Plaintiff's Motion to Reopen was not filed until December 30, 2024. As plaintiff's motion was not filed within twenty-eight days from the date of final judgment, plaintiff's motion is liberally construed as a motion pursuant to Rule 60 and will be considered accordingly.

Rule 60, FED. R. CIV. P., provides in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

After due consideration of plaintiff's motion for relief, the Court is of the opinion that the motion fails to set forth a meritorious ground warranting relief. The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. Further, Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address. Moreover, as set forth in the Report, *Bivens* does not extend to the facts of this case, and plaintiff lacks a cause of action. Therefore, plaintiff's motion for relief should be denied.

ORDER

For the reasons set forth above, plaintiff's motion for relief from judgment is without

merit.  Accordingly, the motion should be denied.  It is therefore,

ORDERED that plaintiff's motion for relief from judgment is DENIED.

**SIGNED this 7th day of August, 2025.**

_Michael J. Truncale_

Michael J. Truncale
United States District Judge